United States District Court
Southern District of Texas
**ENTERED**
April 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD DEAN TURK, SPN #02197287, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | CIVIL ACTION NO. H-24-0405 |
| ED GONZALEZ, | | |
| *Defendant.* | | |

**MEMORANDUM OPINION AND ORDER**

Howard Dean Turk, Harris County pretrial detainee SPN #02197287, filed this *pro se* civil lawsuit under 42 U.S.C. § 1983 against Harris County Sheriff Ed Gonzalez. He proceeds *in forma pauperis*.

Having screened the complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** this lawsuit for failure to state a viable claim under section 1983, as shown below.

## I. BACKGROUND AND CLAIMS

Plaintiff is in custody of the Harris County Sheriff's Office pending disposition of criminal charges for possession of a controlled substance, evading arrest with a motor vehicle, felony "bail jumping," engaging in organized criminal activity, felon in possession of a weapon, and possession of a prohibited substance in a correctional facility.

Plaintiff alleges that on June 3, 2021, he was assaulted by another inmate at the Harris County Jail and sustained a broken arm and wrist. Plaintiff states he was rushed to Ben Taub

Hospital for emergency surgery, but claims that his arm still hurts and is not the same as it was prior to the injury. He names Gonzalez as the sole defendant and seeks $500,000.00 in compensatory and nominal damages.

## II. ANALYSIS

A. <u>Section 1915(e)</u>

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the complaint and dismiss the case if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as alleging the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable basis in fact if, after providing the prisoner an opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

B. <u>Limitations</u>

Given a liberal construction, plaintiff's complaint appears to claim that Gonzalez should be held liable for the assault that caused his physical injuries on June 3, 2021.

2

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE § 16.003(a). A Texas prisoner has two years from the time that his claims accrued to file a civil rights complaint. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). A claim generally accrues the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured by actions attributable to the defendant. *Piotrowski*, 237 F.3d at 576.

Plaintiff states that he incurred his broken arm and wrist during an assault that took place on June 3, 2021. Thus, he knew as of that date that he had been injured, and his claim accrued on that date. Limitations on plaintiff's claims arising from the assault and injuries expired two years after that date – on June 3, 2023. Because plaintiff did not file the instant lawsuit until January 30, 2024, his claim is barred by the two-year statute of limitations. Plaintiff's complaint pleads no factual allegations that would allow the Court to hold his complaint timely filed, and the complaint must be dismissed.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** under section 1915(e) for failure to state a viable claim under section 1983 predicated on expiration of limitations. Any pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g) and stands as plaintiff's third strike. *See Turk v. Gunnels*, C.A. No. 9:98-cv-0217-JH-ESH (E.D. Tex. Oct.

29, 1998) (dismissing complaint as frivolous and for failure to state a claim); *Turk v. Gunnels*, C.A. No. 9:98-cv-0223-JH-ESH (E.D. Tex. Sept. 8, 1998) (dismissing complaint as malicious (repetitive)). Consequently, plaintiff is **BARRED** from proceeding *in forma pauperis* in federal district or appellate court unless he shows he is under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on this the 10th day of April, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE